IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHRISTOPHER DAVIS, # Y-20227, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1493-MJR |
| KEVIN HAYMEN, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

The instant action was severed on August 14, 2018, from *Davis v. Harper, et al.*, Case No. 18-cv-1118-SMY-RJD (S.D. Ill. filed May 15, 2018). (Doc. 1, pp. 7-8, 14). Plaintiff is currently an inmate at Vienna Correctional Center, but his claim arose while he was confined at the Chester Mental Health Center in 2016.

The severed claim in this action was designated as Count 4, and described by the Court as follows:

> **Count 4:** Fourteenth Amendment claim against Haymen for using excessive force against Plaintiff in 2016, by placing Plaintiff in 5-point leather restraints as punishment, and choking him.

(Doc. 1, p. 7).

In the order severing the instant case, the Court determined that Count 4 against Haymen survived the merits review under 28 U.S.C. § 1915A, and should proceed for consideration. (Doc. 1, pp. 5-6, 12-13). Accordingly, service shall be ordered below on Defendant Haymen, and the matter shall be referred to United States Magistrate Judge Stephen C. Williams for further proceedings.

1

**Pending Motions**

A separate order shall be entered with reference to Plaintiff's pending motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 3).

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendant **HAYMEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 14, 2018**

> s/ MICHAEL J. REAGAN
> Chief Judge
> United States District Court