IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAVIS, | |
| Plaintiff, | |
| v. | Case No. 3:18-cv-01493-SMY |
| KEVIN HAYMAN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 53). For the following reasons, the motion is **DENIED**.

## BACKGROUND

Plaintiff Christopher Davis filed a Complaint pursuant to 42 U.S.C. § 1983 in *Davis v. Harper, et al,* SDIL case no. 3:18-cv-01118, alleging deprivations of his constitutional rights at Chester Mental Health Center. Following preliminary review of the Complaint under 28 U.S.C. § 1915A, a Fourteenth Amendment claim against Defendant for using excessive force against Plaintiff in 2016 by placing him in 5-point leather restraints as punishment and choking him was severed and this case was initiated. (Doc. 1).

Defendant argues he is entitled to summary judgment because he cannot order restraints to be used as punishment and only applied the restraints after the use was authorized by a doctor. He further argues that Plaintiff did not suffer any physical injury that would entitle him to compensatory damages under the Prison Litigation Reform Act. Plaintiff argues that issues of fact exist that preclude summary judgment. More specifically, Plaintiff argues that Defendant failed to show there was a need for the use of force or that there was a security problem at issue

that justified the use of full leather restraints, and that he did suffer physical injury.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party must identify specific facts in the record showing that genuine issues of fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the Court "…must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014).

The Fourteenth Amendment due process clause protects pretrial detainees from the use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id* at 396–97.

It is undisputed that Plaintiff was placed in full leather restraints on September 4, 2016, for approximately four hours following an incident with staff. (Doc. 54, p. 2, ¶¶ 8-10; Doc. 59, p. 2). According to Defendant, Plaintiff was making threats against staff, which Plaintiff disputes. (Doc. 54-1, pp. 47-48, 50, 52-53, 56, 59, 74; Doc. 54-2, pp. 29-31, 86-87, 110-111; Doc. 54-3, p. 1; Doc. 54-4, p. 2; Doc. 54-5, pp. 6-8). Although there is an order indicating the physical hold and restraints used on September 4, 2016 was authorized by a registered nurse and a doctor, Plaintiff testified Defendant did not confer with anyone prior to applying the restraints. (Doc. 54-

2, p. 69, 76-77; Doc. 54-3, p. 1). Plaintiff also testified that Defendant choked him, which Defendant disputes. (Doc. 54-1, p. 25; Doc. 54-2, pp. 24). Defendant contends Plaintiff did not suffer any injury but Plaintiff testified that he suffered injuries to his neck, including abrasions and strain marks, blood circulation being stopped to his limbs due to the leather restraints being so tight, soreness in his throat and neck, and post-traumatic stress. (Doc. 54-5, p 9; Doc. 54-2, pp. 34-35, 85, 95 100-101, 105). These disputed facts are material and must be decided by the jury.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 29, 2022

                                            *s/ Staci M. Yandle*
                                            **STACI M. YANDLE**
                                            **United States District Judge**